F. MOSELL PYLE, Plaintiff Below, Appellant, v. MARSHALLTON CONSOLIDATED SCHOOL DISTRICT, State Board of Education, Defendants Below, Appellees.

(*October* 15, 1965)

WOLCOTT, C.J., and CAREY and HERRMANN, JJ., sitting.

*Ralph F. Keil* and *Carl Goldstein* of Keil & Keil, for appellant.

*F. Alton Tybout* and *B. Wilson Redfearn,* for appellees.

Supreme Court of the State of Delaware, No. 53, 1965.

CAREY, Justice.

The appellant here seeks the reversal of a decision of the Superior Court, which affirmed a denial of Workmen's Compensation benefits by the Industrial Accident Board.

Mrs. Pyle, a teacher employed at the Marshallton Public School, was injured in an automobile accident in Kansas on July 8th, 1962 while returning from the annual convention of the National Education Association (herein "N.E.A.") held in Denver, Colorado. The Industrial Accident Board held that appellant "did not by preponderance of competent medical and/or factual testimony establish that the injury she sustained * * * was a compensable industrial injury arising out of and in the course of her employment * * *".

The only issue before us is whether the facts justify the Board's conclusion that appellant's injuries did not arise out of and in the course of her employment, within the meaning of the Delaware Workmen's Compensation Law, T. 19 *Del. C.* Ch. 23. Section 2301 of that Chapter excludes coverage unless the employee when injured was engaged in or about the employer's premises or "engaged elsewhere in or about employer's business where his services require his presence as a part of such service at the time of the injury."

Mrs. Pyle attended the convention in Denver which commenced on July 1st, 1962 as the delegate of the Marshallton Education Association (herein "M.E.A."), a voluntary organization consisting of teachers, administrators, custodians, cafeteria workers and secretaries employed in the Marshallton schools. That Association is an affiliate of Delaware State Teachers Association which in turn is an affiliate of N.E.A. Each Association in its respective area is completely autonomous. The purpose of N.E.A. is to "elevate the character and advance the interests of the profession of teaching and to promote the

cause of education."

Previously during the school term the M.E.A. had asked and received permission from the Superintendent of Schools to send delegates to a regional conference of the N.E.A. The record does not disclose where this regional conference was held. At that time no deduction was made from the salaries of those delegates for the time they were away from school. However, neither the School Board nor the State Board of Education contributed anything towards the expenses, although we presume the School Board provided substitute teachers during their absence. Perhaps because the school was not in session during the summer, neither Mrs. Pyle nor the M.E.A. asked permission from anyone for her trip. The M.E.A. paid a portion of her expenses and she apparently paid the balance; her employer paid nothing.

Mrs. Pyle's contract with the School Board for both the school year preceding and the year following her trip provided for a working period of ten months—from September to June. She had, however, taken advantage of the permission given by T. 14 *Del. C.* Sec. 1317 to receive her pay in twelve rather than ten monthly installments. That privilege is given to "teachers and principals who are employed for ten months per year", as was Mr. Pyle. There is nothing in her contracts which purports to give her employer any right of control over her time or activities during the months of July and August.

There was testimony that on prior occasions the School Board had encouraged and even urged teachers to attend conventions of a similar nature and that such was the "general policy of the Board". Whether this policy had ever in fact applied to meetings which took place during the summer vacation or were held at places as far from Delaware as Denver was not brought out. It does not appear that the Board ever *directed* an employee to attend meetings of the N.E.A. or contributed anything to the expense of attendance.[1] There is a

---

[1] A subsequent alteration of this policy does not retroactively affect the facts of this case.

suggestion in the record that a teacher's rating may be assisted by such attendance; there was no suggestion that non-attendance would mean a loss in rating or would result in dismissal. It was brought out that such attendance enables a teacher to improve her teaching ability and to bring back new ideas and techniques whereby the school derives some benefit.

In short, the Industrial Accident Board was justified in finding that the appellant made the trip voluntarily and solely because she was the delegate elected by M.E.A., without consulting the School Board and perhaps without its knowledge, using no funds of that Board, at a time when by her contract she was not subject to the Board's control, and without risk of any penalty for non-attendance. The only factors relied upon as grounds for reversal are the alleged benefit to the school and the general policy of encouraging attendance at conventions. The Industrial Accident Board undoubtedly considered these factors too intangible, too indirect and too remote to justify a finding that she was making the journey in the course of her employment. We cannot say that the Board committed reversible error in arriving at that conclusion.

As all the authorities hold, each case of this nature must be decided on its particular facts. The basic rule is stated in 7 Schneider on Workmen's Compensation Sec. 1665(a) as follows:

"Where the trip or attendance is one which the employer ordered or directed, or is the sole benefit of the employer, or is for the mutual advantage of both the employer and his employee, compensation may be recoverable".

This principle was followed by our Superior Court in *Children's Bureau of Delaware v. Nissen,* 3 Terry 209, 29 A.2d 603. Although the facts of that case presented a stronger basis for an award than the present one, the Court reversed a finding in favor of the claimant. To the extent that the Nisson case adopts the rule quoted above, it is approved; present needs do not require consideration of any other principles laid down therein because we are satisfied that the finding made here is justified by the evidence.

We have examined the case cited by appellant. All are distinguishable from the present one. In most of them, attendance at a meeting was a required or customary part of the teacher's service; in others, the trip served a direct interest of the school as well as the teacher's private purpose. In nearly all of them, the Court was dealing with a finding of compensability by the trier of fact, and the question was whether there were facts to justify the finding. In the present case, we need not express any opinion as to whether a finding of compensability could be upheld; we have here a finding of non-compensability which clearly finds support in the evidence.

The judgment below must be affirmed.