**BOARD OF PUBLIC EDUCATION IN WILMINGTON, Employer-Appellant,**

v.

**Florence M. RIMLINGER, Claimant-Appellee.**

Supreme Court of Delaware.

July 12, 1967.

Max S. Bell, Jr., of Richards, Layton & Finger, Wilmington, for appellant.

Thomas J. Healy, Jr., Wilmington, for appellee.

WOLCOTT, C. J., CAREY, J., and SHORT, Vice-Chancellor, sitting.

CAREY, Justice.

The Board of Public Education in Wilmington, employer, has filed this appeal from a decision of the Superior Court which affirmed a ruling of the Industrial Accident Board in favor of Florence M. Rimlinger, claimant. The ruling now questioned dismissed employer's petition to terminate payments for temporary total disability under the Workmen's Compensation Act, T. 19 Del.C.Ch. 23. The problems presented are whether the evidence justifies that ruling and whether the Board's findings are adequate.

Mrs. Rimlinger was a school teacher for thirty-two years. On December 4th, 1963, she fell over a dolly in a hallway of the school. Her immediate injuries consisted of a broken nose, two broken teeth, a sprained finger, and bruises on her left shoulder, arm, thigh and knee. Her family physician, Dr. Chrzanowski, saw her the following day and found that "she was

very weak, had no coordination of the left arm, and was very excitable and nervous". Her blood pressure was elevated. He saw her frequently thereafter. On February 7th, 1964, he noticed that she was developing heart failure; a week later this condition was becoming worse. On February 26, 1964, she was seen by a neurologist. Based upon information given by her to the effect that she had had a period of unconsciousness one or two days after the accident which lasted about two hours and was followed by "heaviness" in her left arm and leg, plus an impairment of coordination, the neurologist was of the opinion that she probably had a stroke at that time, which left a mild weakness of the left hand and leg. She was directed to consult a heart specialist, who took an electrocardiagram on March 6, 1964. It indicated a recent heart attack which, in the opinion of the heart specialist, probably had occurred about three weeks earlier.

In her present condition, she states that she is unable to walk alone more than a block, but does assist in the cooking and "little house chores". She says that she is physically unable to teach school because of her inability to walk far or to climb steps. Presumably she considers her inability to teach the result of the stroke. Her family doctor, however, considers that her heart condition is the responsible factor, although he apparently never said so to her. He testified that she ought not to resume her teaching work and that she ought to do no work which would create any tension or aggravate the heart condition but that she could do light work such as stamping envelopes or addressing cards. In his opinion, her heart attack was brought on by the accident; he gave no opinion concerning the stroke. The neurologist testified that in his opinion, the stroke was not the result of the accident. The heart specialist gave his opinion that the heart condition was not caused by the accident.

■ One argument advanced by appellant is that there was no competent substantial evidence presented to the Board to justify a finding that either the stroke or the heart condition was caused by the fall. We must agree with that contention so far as the stroke is concerned; the only evidence is that of the neurologist that it was not accident-connected. The heart condition, however, is so connected, in the opinion of Dr. Chrzanowski. Appellant contends that he was not qualified to testify on this point. He is, and has been, a general practitioner for over twenty years and has treated "many, many" heart cases. We think his qualifications are sufficient to justify reception of his opinion. Drucker v. Philadelphia Dairy Products, Inc., 5 W.W. Harr. 437, 166 A. 796. Of course, the weight to be given his testimony is a matter for the trier of fact.

The chief difficulty we have with the case arises from the failure of the Board to make adequate subordinate findings to support its ultimate conclusion. As we shall point out, we cannot determine whether its finding is supported by adequate testimony or whether it applied proper legal principles in reaching its decision.

■ At the hearing there was no disagreement between the parties concerning those injuries which were apparent immediately following appellee's fall; concededly, they were no longer disabling. Her contention was that her disability is due to the heart condition or the stroke, or both, and that both of those conditions are attributable to the accident. Appellant took the position that neither condition is the result thereof. The Board's findings, however, do not disclose how it resolved this issue. Its only pertinent holding is Conclusion of Fact No. 5:

"That the Board of Public Education of Wilmington did not by a preponderance of competent medical and/or factual testimony establish that the disability for work of Florence M. Rimlinger has terminated".

■ This conclusion could mean that the Board took an incorrect view of the law and of the issue to be resolved. The question before it was one of causation. Read literally, the quoted finding indicates a belief that compensation could not be terminated unless the employer proved termination of disability—obviously an incorrect view. The burden upon the employer was to show either that the disability had terminated, entirely or partially, or that any continued disability was not the result of the accident. .

■ Another possibility is that the Board may have believed that the present disability is wholly or partly due to the effects of the stroke. As we have pointed out, there is no evidence in the record to justify that conclusion. The only medical testimony is directly to the contrary. That causal connection is a matter requiring the assistance of medical experts. General Motors Corp. v. Freeman, 3 Storey 74, 164 A.2d 686. If the Board in fact found the present disability due entirely to the stroke, its ultimate conclusion is plainly wrong. If the Board found that the present condition is due to both the stroke and the heart attack, the case would seem to be one calling for apportionment. Unless the Board believed that the condition is due to one of those ailments, it should have terminated compensation.

■ It is difficult, if not impossible, to formulate a definitive statement as to when express findings of subsidiary facts are required*. The cases are collected in 146 A.L.R. 123. Usually the Board would be well advised to include them. There are occasions when the Court can readily infer from the ultimate findings and the record just what the subordinate findings must have been; in those instances, a remand for further findings would be a pure formality. But when the Court cannot determine, from the ultimate findings and the record, whether the Board proceeded upon a correct theory of law, or whether its findings are based upon competent evidence, the necessity for the inclusion of subordinate findings is apparent. That is the situation here, and the matter must accordingly be remanded to the Board.

The decision of the Court below will be reversed with instructions to remand the case to the Industrial Accident Board for further proceedings in accordance herewith.

---

* Our Workmen's Compensation Law, loc. cit., in § 2345 dealing with original hearings and § 2347 dealing with reviews by the Board, simply requires the Board to "state its conclusions of facts and rulings of law".