Joseph T. DELLE DONNE, Jr., Claimant-
Below, Appellant,

v.

MARCOZZI RADIO & T.V., Employer-
Below, Appellee.

Superior Court of Delaware,
New Castle.

Feb. 19, 1970.

Arthur Inden, of Young Conaway, Stargatt & Taylor, Wilmington, for claimant-below appellant.

Frederick Knecht, Jr., Wilmington, for employer-below appellee.

## OPINION

STOREY, Judge.

This is a proceeding to review a decision of the Industrial Accident Board denying Appellant-employee's petition for both total and partial disability compensation, as well as attorney's fees. Appellant, totally blind in his left eye since childhood, sought compensation for "industrial blindness" in his right eye caused by an industrial accident occurring on February 23, 1967. The par-

ties are in agreement that appellant, a T. V. repairman, is entitled to compensation for temporary total disability under 19 Delaware Code, Sec. 2324 until July 3, 1967, the date appellant returned to work, as well as compensation for loss of an eye under 19 Delaware Code, Sec. 2326(a) and payment of reasonable surgical, medical and hospital expenses under 19 Delaware Code, Sec. 2322. Appellant asserts, however, that the Board erred in failing to award compensation based either on permanent total disability beyond July 3, 1967 under 19 Delaware Code, Secs. 2324 and 2326(e), or in the alternative, compensation based on permanent partial disability under 19 Delaware Code, Sec. 2325. Appellant also asserts that the Board erred in refusing to award appellant's attorney's fee under 19 Delaware Code, Sec. 2127(a). Evidence before the Board consisted of the testimony of four witnesses: An ophthalmologist who testified that, although appellant's vision was impaired by the accident to the point of "industrial blindness" and that appellant would have a great deal of difficulty performing as a T.V. repairman, in his opinion appellant was nevertheless employable in the general labor market; a wage scale analyst, who testified that a clerk in the same area would earn $65.00 to $70.00 per week; the appellant who testified as to the impairment of his job performance since the accident; and the appellant's employer, who testified that although appellant was not as efficient as before the accident, in his opinion appellant nevertheless was capable of and was in fact earning the same wage as he was paid prior to the accident.

The issue is whether there was substantial evidence in the record of hearing to support the Board's findings.

Title 19, Section 2326(e) of the Delaware Code provides that:

"(e) Unless the Board otherwise determines from the facts, the loss of * * both eyes, * * * shall constitute total disability for work, to be compensated according to the provisions of section 2324 of this title."

It is this Court's decision that a claimant, in order to avail himself of this statutory section, must have lost both eyes in the same industrial accident. See annotation 142 A.L.R. 822 and cases cited therein; Cf. 19 Delaware Code, Sec. 2327 (Providing for payment for total disability in such cases from a Second Injury Fund). The facts in this case being otherwise, claimant is not entitled to total disability compensation under Section 2326(e). Neither does appellant's case fall within the "displaced worker" category of those deemed totally disabled as that term is defined in Ham v. Chrysler Corporation, 231 A.2d 258 (Supreme Ct.Del.1967), and M. A. Hartnett, Inc. v. Coleman, 226 A.2d 910 (Supreme Ct.Del.1967). Relying solely on the testimony in the Board hearing most favorable to appellant, it is clear that appellant was not so incapacitated that he could no longer be employed regularly in any well known branch of the competitive labor market. Accordingly, there was substantial evidence to support the Board's decision denying total disability compensation after July 3, 1967.

19 Delaware Code, Sec. 2325 authorizes compensation for partial disability based upon the relation of the amount of an employee's wages prior to an industrial accident to the earning power of the employee thereafter. Although it is clear that actual earnings after an industrial accident are not necessarily synonymous with post-accident "earning power", as that term is used in Section 2325, it is also clear that where the actual earnings after an accident are the same as the employee's pre-accident earnings, a rebuttable presumption of non-impairment of earning capacity arises. Ruddy v. I. D. Griffith & Co., 237 A.2d 700, 703 (Supreme Ct.Del.1968). Again, although there was evidence before the Board that appellant was not able to perform his job with the same degree of efficiency as before the accident, his employer testified that he was satisfied with appel-

lant's post-accident performance, that he continued to pay appellant the same wage and felt that appellant was earning it. Under these circumstances this Court cannot say that there is insufficient evidence to support the Board's obvious finding that the presumption of non-impairment of earning capacity was not rebutted. Accordingly, the Board's decision denying partial disability compensation is affirmed.

 The final point to be resolved is whether the Board erred in its decision not to award attorney's fee to appellant. Following the hearing, the Board found that since employer-appellee had notified appellant two days prior to the hearing of its willingness to pay compensation for loss of an eye under Section 2326(a) and for total disability from February 23, 1967 to July 3, 1967 under Section 2324, then appellee should not be required to pay attorney's fee, since the Board decided that appellant was entitled to no more compensation than that offered by appellee prior to the hearing. 19 Delaware Code, Sec. 2127(a) provides that:

"(a) A reasonable attorney's fee in an amount not to exceed 30% of the award or $2250, whichever is smaller, shall be allowed by the Board to any employee awarded compensation under this chapter and Chapter 23, and taxed as costs against a party."

Drawing an analogy to the reasoning behind Superior Court Rule 68, Del.C.Ann. (the offer of judgment rule), appellee argues that it should not be obligated to pay attorney fees on an award, the entire amount of which appellee had offered to pay prior to the hearing. The fallacy of the application of this argument in the instant case is that the bulk of an attorney's efforts, and consequently his fees, are expended in advance of the two days before trial. Superior Court Rule 68, by implication, envisions the importance of this time requirement by requiring such an offer of judgment to be made more than 10 days before the hearing of a case. In addition, the record indicates that appellee's offer of compensation was something less than unqualified as to compensation under Section 2326(a). (T–4–5) Accordingly, it is the opinion of the Court that the Board erred in awarding no attorney's fee and that under the provisions of Section 2127(a) the Board should have awarded an attorney's fee based upon that portion of the compensation award which had not already been paid by appellee.

In accordance with the above opinion, the decision of the Board is affirmed in part and reversed in part and remanded for awarding of attorney's fee.

It is so ordered.