Nathaniel **ELLISON**, Plaintiff,

v.

**CITY OF WILMINGTON**, Defendant.

Superior Court of Delaware,
New Castle.

Nov. 9, 1972.

---

Harvey B. Rubenstein, Wilmington, for plaintiff.

Victor J. Colombo, Wilmington, for defendant.

## OPINION

TAYLOR, Judge.

Plaintiff is an employee of the City of Wilmington who suffered an injury which entitled him to Workmen's Compensation. The Industrial Accident Board held that plaintiff suffered a 20% permanent disability to his back and awarded statutory compensation thereon. Plaintiff has appealed from that decision on the ground that the record does not support the percentage finding of the Board.

Two doctors testified concerning the degree of plaintiff's back disability. Doctor Strange testified that on the basis of a standard rating chart of the American Medical Association he concluded that there was a 10% impairment of the back. Doctor· Reese testified that the back disability was 30%. He further testified that 75% of plaintiff's back impairment related to the accident which was the basis for the claim for Workmen's Compensation. However, he stated that the pre-existing condition "gave him no symptoms" and that the accident triggered all of his subsequent symptoms and was the immediate cause of the 30% disability.

The test of findings of the Board is "whether or not there [is] substantial competent evidence to support the finding[s] . . . ." Johnson v. Chrysler Corp. 213 A.2d 64, 66 (Del.Supr.1965). The issue, therefore, is whether the finding of the Board that there was a 20% disability of the back is supported by substantial competent evidence, in view of the absence of medical testimony showing a 20% disability and in the face of medical testimony showing 10% and 30% disability, respectively.

This issue does not appear to have been directly decided by this Court or the Supreme Court of this State. In General Motors v. McKenney, 268 A.2d 878 (Del. Super.1969), where there was a permanent disability but no percentage of disability was established by medical testimony, the matter was remanded to the Board for determination of the extent of the disability. The Court there stated "Although neither of them attributed a set percentage to claimant's disability, this is immaterial because the Board, rather than any doctor should perform that function. The entirety of the testimony before the Board, medical and otherwise, provides an ample basis for making an award." In Hudson v. E. I. duPont deNemours & Co., 245 A.2d 805 (Del.Super.1968), this Court held that the Board could not find a 25% disability where the only medical testimony was that there was a 20% disability, the Board being limited to a maximum of 20%. In Chrysler Corp. v. Williams, 282 A.2d 629 (Del.Super.1971), this Court set aside a finding of 60% disability where the only medical testimony evaluating physical disability was that there was a 40% physical disability. In Ware v. Baker Driveway, Inc., 295 A.2d 734 (Del.Super.1972) this Court set aside a finding by the Board of a 5% disability where the only medical testimony that found the disability was related to a compensable condition was that there was a 100% disability. In that case, the Court directed an award based upon 100% disability. In commenting upon the time of origin of a permanent disability, the Delaware Supreme Court stated that "In the usual case, the date as of which permanency becomes fixed can be proven

only by expert medical testimony . . .". Peters v. Chrysler Corporation, 295 A.2d 702 (Del.Supr.1972).

■ It will be noted that various states have upheld Workmen's Compensation awards where the specific finding of the Board concerning permanent partial disability differed from the medical evaluation. 3 Larson's Workmen's Compensation Law, Sec. 79.52, pp. 187–195; Sec. 79–53, pp. 196–7; and Sec. 80.20, pp. 264–286. In the instant case, the Board did not state its basis for departing from the medical evaluations. Under the state of the law in Delaware it cannot be said that in no instance may the Board depart from the medical evaluations. However, where the Board's finding is not directly supported by medical testimony, the basis upon which the Board made its finding should be set forth. Cf. Board of Education in Wilmington v. Rimlinger, 232 A.2d 98, 101 [Del.Supr.)

The second issue in this appeal is whether the Board acted properly in not allowing an attorney's fee to plaintiff. The Board based its action upon the fact that the employer had offered to plaintiff at least ten days prior to the hearing the same amount which was awarded by the Board. Rule 2 of the Rules of the Industrial Accident Board provides as follows:

"If a hearing is had before the Industrial Accident Board and an award is made in favor of the injured employee the maximum amount of the statutory attorney's fee will be allowed to the employee and taxed against the employer or his carrier except when the offer of settlement made by the employer or his carrier is equal to the award ordered by the Industrial Accident Board and such offer of settlement has been communicated to the employee's attorney no later than

10 days before the date set for the hearing."

The Board literally applied its Rule.

Plaintiff contends that the Rule violates the Statute. 19 Del.C. Sec. 2127(a) provides:

"A reasonable attorney's fee in an amount not to exceed 30% of the award or $2,250.00 whichever is smaller, shall be allowed by the Board to any employee awarded compensation under this chapter and Chapter 23, and taxed as costs against a party."

Plaintiff contends that this section requires an award of "reasonable attorney's fee" in every case in which there is an award of compensation by the Board and that the Rule which creates an exception in the case of a tender by an employer violates the Statute.

Defendant contends that the validity of the Rule has been upheld by this Court in Delle Donne v. Marcozzi Radio & T.V., 263 A.2d 306 (Del.Super.1970). Delle Donne, supra, is distinguishable in that the evidence in that case showed that the employer had not made a tender within the required 10 day period and hence the Court was not called upon to consider the validity of the Board's Rule.

■ Section 2127(a) contemplates that the Board shall make an award of "reasonable attorney's fee" according to the accepted standards of "reasonable". M & M, Inc. v. Wade, 297 A.2d 403 (Del.Super.1972). A rule of the Board which does not contemplate such a determination is in conflict with the Statute. *Ibid.* Further, the power granted to the Board by 19 Del. C. Sec. 2121(a) to make rules does not empower the Board to adopt a rule which is contrary to the provision of the Statute.[1] *Ibid.*

I. The Court recognizes the passage of 58 Del.Laws Ch. 531, approved July 14, 1972, which amended 19 Del.C. Sec. 2121 (a). Since this amendment was adopted subsequent to the Board's decision, the Court does not comment upon the effect, if any, of this amendment upon similar matters coming before the Board after its adoption.

■ Defendant points to Rule 68 of the Civil Rules, Del.C.Ann., of this Court which provides that defendant may escape paying further costs if the judgment does not exceed the amount of a tender made more than 10 days before trial and states that the Board has merely applied a similar rule for attorney's fee. The answer to this argument is that 10 Del.C. Sec. 561(d) gives dominance to the Court rule over the conflicting statute in matters of practice or procedure. To the extent that Rule 2 of the Board undertakes to avoid the statutory duty to determine reasonable attorney's fees where there has been an award of Workmen's Compensation, the Rule is void.

■ It is not argued that the Board has not "awarded" compensation to plaintiff. The Statute appears to contemplate that a claim for compensation may be resolved either by agreement or by award. 19 Del.C. Secs. 2344–2350. Here, there was no agreement. The matter was resolved by an award by the Board after hearing. Hence, it qualified for allowance under Sec. 2127(a). Cf. Berryman v. John F. Casey Company, 251 A.2d 565 (Del.Super. 1969).

■ It should be noted that the Board by Rule 2 has attempted the limitation on attorney's fees which is recommended in 3 Larson's Workmen's Compensation Law, Sec. 83.17, p. 354.61 and is embodied in the New Jersey Statute 34 N.J. Statutes Ann. 15–64. However, the Delaware Statute contains no such limitation. If such a limitation is to be established, it is a matter for legislative action.

■ In making its award of reasonable attorney's fee, the Board may, of course, consider the amount of services rendered as well as the accomplishments. 3 Larson's Workmen's Compensation Law Sec. 83.13, pp. 354.45–.ss; General Motors Corp. v. McKenney, supra.

The decision of the Board is reversed and the case remanded to the Board for further proceedings in accordance with this Opinion.

It is so ordered.