Frances M. STORM, deceased,
Claimant-Below, Appellant,

v.

KARL–MIL, INC., By its carrier, THE
HOME INSURANCE CO., Employer-
Below, Appellee.

Supreme Court of Delaware.

Submitted: March 16, 1983.
Decided: April 22, 1983.

Charles Snyderman (argued), Wilmington, for appellant.

Susan C. Del Pesco (argued) of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for appellee.

Before HERRMANN, C.J., McNEILLY and HORSEY, JJ.

McNEILLY, Justice:

This is an appeal of a judgment of the Superior Court reversing an award by the Industrial Accident Board (Board) for workmen's compensation death benefits on account of the death of Frances M. Storm. Claimants are the children of Mrs. Storm. The employer Karl-Mil, by its insurance carrier, The Home Insurance Co., is the appellee in the instant case.

Mrs. Storm had been employed by Karl-Mil on a regular part-time basis from June 1, 1980 until her death on September 21, 1980. Her job involved the management of the inventory of the Karl-Mil stores, and, in particular, it was her duty to determine why and in which stores inventory shortages were occurring. Karl-Mil was one of three family-owned companies which also included corporations referred to as Storm's Shoes and the Storm Shoe Rack. William Storm, the husband of Frances Storm, was the President of Storm Shoes, Inc. and Karl-Mil. His brother, Philip Storm, was President of Storm Shoe Rack.

On September 18, 1980 Mr. and Mrs. Storm flew to Billings, Montana where they rented a car with another couple and proceeded to drive to Boise, Idaho for the purpose of attending a meeting of an organization known as Shoes Associated.

Shoes Associated is an organization made up of independent shoe retailers located in geographic areas where they do not compete with each other. The group meets twice a year at a member's store to inspect the member's business operation and exchange information in order to make their own stores more productive and to help solve each other's business problems.

While traveling from Billings to Boise the two couples went out of their way to visit Yellowstone National Park and the Tetons, but they had started to the meeting when the accident occurred. On September 21, 1980, the day the Shoes Associated meeting was to take place, the Storms were involved in a head-on automobile collision and both of them were killed.

Before Mrs. Storm was employed by Karl-Mil she had been in the habit of accompanying her husband to those Shoes Associated meetings which he attended. In the eight association meetings Mr. Storm had attended, Mrs. Storm accompanied him on six of them, and one of the meetings she failed to attend was for men only. After it was decided that Mrs. Storm would attend this meeting, her supervisor, Emma McHugh, discussed with her what she should look for in the area of inventory control which might help Karl-Mil in controlling its inventory.

Facing this record, the Board found that Mrs. Storm was within the scope of her employment at the time of her fatal accident while enroute to the Shoes Associated meeting. The Board found that the purpose of her trip was to learn how other retailers solved their inventory control and shortage problems, and that she was performing a service for her employer at the time of the accident. Hence the Board awarded compensation to Mrs. Storm, but refused to grant interest on the award finding that the carrier had a bona fide question of law and fact.

In reversing the Board, the Superior Court stated that the Board erred in not analyzing the instant case under the dual

purpose test. Applying this test to the facts on the record the Superior Court concluded that there was no substantial evidence in the record to support a finding in favor of claimants. Addressing the issue of interest, the Superior Court found no authority for such an award.

◼ Claimants first argue that the Superior Court exceeded its authority by substituting its factual findings for the findings of the Board instead of remanding the cause to the Board for rehearing because the Board did not find that a private purpose was being served in connection with the instant trip. It is claimants' position that the case should be ordered remanded with instructions that the Board clarify its finding as to the purpose being served, and assuming the finding is made that both personal and business purposes were being served, that the dual-purpose test should be applied by the Board. This argument is without merit.

In *Board of Public Education in Wilmington v. Rimlinger,* Del.Supr., 232 A.2d 98, 101 (1967) this Court stated:

There are occasions when the Court can readily infer from the ultimate findings and the record just what the subordinate findings must have been; in those instances, a remand for further findings would be a pure formality. But when the Court cannot determine, from the ultimate findings and the record, whether the Board proceeded upon a correct theory of law, or whether its findings are based upon competent evidence, the necessity for the inclusion of subordinate findings is apparent.

In the instant case the record is clear on its face that the trip had both a private and business purpose. The initial three day trip to Yellowstone National Park and the Tetons is ample evidence of this. A remand would be a mere formality. The Trial Judge was not substituting his own findings of fact for that of the Board. He was merely taking the obvious facts on the record and applying them to the appropriate legal standard.

Claimants next contend that the Superior Court applied the dual purpose test incorrectly. Relying on *Pyle v. Marshallton Consolidated School District,* Del.Supr., 213 A.2d 862 (1965) claimants maintain that recovery should be allowed because the trip was for the mutual advantage of both the employer and employee. This argument misconstrues the dual-purpose test.

◼ In *Children's Bureau v. Nissen,* 29 A.2d 603, 607 (1942) the Superior Court correctly summarized the dual purpose test in the following manner:

An injury may occur in the course of the employment without any essential causal relation between the employment and the injury. The requirements, "in the course of his employment", and "out of * * * the employment" must conjoin. The former relates to the time, place and circumstances of the accident; the latter to its origin and cause. 71 C.J. 642 et seq. The relation of the accident to the service is the essential point of inquiry. The question is whether the employer exposed the employee to risk. Service to the employer must, at least, be a concurrent cause of the injury. Where a private purpose and service to the employer coexist, the facts of the case must permit the inference that the journey would have been made even though the private purpose had been abandoned. The test is whether it is the employment or something else that impels the journey and exposes the traveler to its risks. If the service creates the necessity for the travel, the employee is in the course of his employment, even though, at the same time, he is serving some purpose of his own. On the other hand, if the service has not created the necessity for the journey, if it would not have been made at all except for the private purpose, and would have been cancelled upon its abandonment, the travel and the risk are personal.

To state the rule another way:

When a trip serves both business and personal purposes, it is a personal trip if

the trip would have been made in spite of the failure or absence of the business purpose and would have been dropped in the event of failure of the private purpose, though the business errand remained undone; it is a business trip if a trip of this kind would have been made in spite of the failure or absence of the private purpose, because the service to be performed for the employer would have caused the journey to be made by someone even if it had not coincided with the employee's personal journey.

> 1 Larson, *Workmen's Compensation Law* § 18:12

The facts of the instant case are clear that the trip was personal. The fact that Mrs. Storm went on six of eight previous trips with Mr. Storm while not an employee indicates that her attendance at the meeting was in no way conditioned upon a business purpose. Moreover, it was not until after her supervisor learned Mrs. Storm was going on the trip that the supervisor discussed with Mrs. Storm what she should look for in the area of inventory control which might benefit Karl-Mil. Any business purpose was a mere after thought and incidental to the personal reason for taking the trip. Finally, there is no evidence whatsoever that had Mrs. Storm failed to attend this meeting to study inventory that someone else would have been sent in her place. In that the trip was personal, the Superior Court's refusal to award compensation was not error.

Given our finding above, it is unnecessary for us to address the issue of whether an award of workmen's compensation can include interest from the date of the accident to the date of the award.

For the above stated reasons the judgment of the Superior Court is

AFFIRMED.