Ronald COX, Employee-Appellee Below, Appellant,

v.

QUALITY CAR WASH and the Home Insurance Co., Employer-Appellant Below, Appellee.

Supreme Court of Delaware.

Submitted: May 11, 1982.

Decided: July 23, 1982.

---

**7.** See n. 2, supra.

Arthur Inden (argued) and C. Vincent Scheel, of Young, Conaway, Stargatt & Taylor, Wilmington, for employee-appellee below, appellant.

Carl Schnee (argued) and Susan C. Del Pesco, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for employer-appellant below, appellee.

Before HERRMANN, C. J., McNEILLY and QUILLEN, JJ.

PER CURIAM:

In this appeal, employee Ronald Cox seeks review of a Superior Court order reversing the grant of compensation benefits to him by the Industrial Accident Board (hereinafter "the Board"). The opinion of the Superior Court is reported at 438 A.2d 1243. In the interest of brevity, reference is made thereto for the facts, the Statute, and the principles of law involved.

The Superior Court noted the Board's adoption of the "employer's premises" rule and its two exceptions. 438 A.2d at 1245. As to the general acceptability of that rule, the parties are in agreement. The Superior Court concluded that the Board improperly applied the rule to the facts in this case.

* The Board found the following facts: (438 A.2d at 1247)

"1). We find that Quality [the appellee employer] used the lot to store or accommodate an overflow of cars waiting to use the car wash services. Quality substantially benefited from this use on several occasions. The Board finds that this action made the lot an extension of the car wash area. In this regard, we do not find that the fact that cars were lined up on the property and the fact that cars were parked upon the property so different a use that control would lie for the overflow but not the parking use.

"2). We find that even though Quality provided a parking lot for its employees adjacent to the car wash, the paved parking area was also available for its employees. The provided lot was not the only acceptable parking area. We are convinced that company policy allowed parking on either the provided lot or the paved lot. We find that employees are not told to

We are of the opinion, however, that there is sufficient substantial evidence to support the Board's finding and conclusion * that the parking area involved was part of the employer's "premises" under the "control by use" theory. Accordingly, we must reverse. Compare *Goff v. Farmers Union Accounting Services, Inc.*, 308 Minn. 440, 241 N.W.2d 315 (1976).

\* \* \*

Reversed and remanded for further proceedings consistent herewith.

park only on the provided lot but have the option, and have had the option for a substantial period of time, to park across the street. In fact, the present manager of the car wash testified that he has parked on the paved lot for fourteen (14) years.

"3). We find that the so called 'provided parking lot' was nothing more than a dirt lot improved with cinders and not even owned by the car wash. Rather, Quality appropriated adjacent state land for use as a parking lot.

"4). We find that under all the circumstances of employment at Quality, it was reasonable for employees to use the paved area as a parking space. The permission and control-through-use and the poor condition of the provided parking made the paved lot a logical choice."

The Board concluded therefrom that "the [employer] exercised control of the paved lot in such a way as to make it part of [employer's] premises...."