**Cheryl TICKLES, Employee Below, Appellant,**

v.

**PNC BANK, Employer Below, Appellee.**

**No. 133, 1997.**

Supreme Court of Delaware.

Submitted: Sept. 13, 1997.

Decided: Oct. 17, 1997.

David R. Scerba, of Ramunno & Ramunno, Wilmington, for appellant.

Anthony M. Frabizzio, of Heckler & Cattie, Wilmington, for appellee.

Before VEASEY, C.J., WALSH and HOLLAND, JJ.

HOLLAND, Justice:

This is an appeal from a final judgment of the Superior Court by the employee-appellant, Cheryl Tickles ("Tickles"). That judgment affirmed a decision of the Industrial Accident Board ("Board"), denying Tickles' claim for total disability benefits under the workers' compensation statute, codified at 19 *Del.C.* Ch. 23. Tickles' employer at the time of her injury was the defendant-appellee, PNC Bank ("PNC").

Tickles contends that the Superior Court erred, as a matter of law, by affirming the Board's determination that her injury was not compensable. PNC argues that Tickles' injury was not compensable because she had not arrived at her place of employment at the time of her accident. Alternatively, PNC argues that the Superior Court properly concluded that Tickles was not injured during the course of her employment.

The record reflects that Tickles was injured at her place of employment. The record also reflects that Tickles was injured during the course of her employment. Consequently, Tickles was entitled to receive benefits pursuant to the workers' compensation statute. Therefore, the final judgment of the Superior Court is reversed.

### Facts

The relevant facts are not in dispute. Tickles, an employee of PNC Bank at the time, was driven to work by a friend on

February 17, 1994. The car reached Building 103 of the PNC Bellevue Complex at approximately 7 a.m., an hour before Tickles' normal shift, because she had intended to work overtime.

This was a period of transition for some of PNC's operations from Building 103 to Building 400 in its Bellevue Complex. Tickles worked in Building 400 of the Bellevue Complex. Her job had been moved from Building 103 to Building 400.

Tickles had her friend stop in front of Building 103 so that she could use the only automated teller machine ("ATM") in the Bellevue Complex. That ATM was exclusively accessible to PNC employees. Tickles gained access to Building 103 by using her employee identification card to unlock the door. A PNC security officer was also stationed there. Tickles withdrew ten dollars for the purpose of purchasing lunch.

Tickles departed from Building 103 and returned to her neighbor's car. PNC's employees often walked between Building 103 and Building 400 by traversing the parking lot that adjoined Building 103. Tickles' neighbor waited to drive her on February 17, 1994 because of inclement weather.

While opening the car door, Tickles lost her balance on ice in the parking lot and fell to the ground, injuring her back and left arm. Tickles' neighbor drove her to Building 400. Tickles immediately told her supervisor about the accident.

At approximately 8:15 a.m., Tickles went to St. Francis Hospital. She was treated and released later that day. On November 28, 1994, arthroscopic acromialplasty surgery and a distal clavicle excision was performed on Tickles' left shoulder. This surgery rendered Tickles totally disabled for approximately twelve weeks.

Tickles filed a petition for workers' compensation benefits. The Board hearing was held on August 28, 1995. The Board characterized the "threshold question" to be "whether the injury sustained on February 17, 1994, was actually in the course and the scope of claimant's employment." The Board determined that Tickles' injury was not compensable because there was no nexus between the employer's premises and the reason for the employee's presence.

The Board stated that the "primary basis" for denying Tickles' petition for workers' compensation benefits "is that the claimant had not begun her workday at the time of this fall." The Board noted that Tickles could have used any ATM machine on her way to work and was not required to use the machine located on her employer's premises. The Superior Court assumed, without deciding, that Tickles was injured at her place of employment. It affirmed the Board's decision, stating:

> Regardless of the fact that [Tickles] fell on [PNC's] premises, at the time of the injury, she was engaged in a personal errand which had no apparent connection with her employment. Consequently, the Court must conclude that [Tickles'] fall did not arise out of or in the course of her employment and is not compensable.

### *Standard of Review*

■ In an appeal from a decision of the Board, the standard of review is the same in this Court and the Superior Court. That appellate responsibility is to determine whether the Board's decision is founded on substantial evidence and devoid of legal error. 29 *Del.C.* § 10142(d). *General Motors Corp. v. Freeman*, Del.Supr., 164 A.2d 686, 689 (1960); *Devine v. Advanced Power Control, Inc.*, Del.Super., 663 A.2d 1205, 1209 (1995). Substantial evidence is defined as evidence that "a reasonable mind might accept as adequate to support a conclusion." *Oceanport Industries v. Wilmington Stevedores, Inc.*, Del.Supr., 636 A.2d 892, 899 (1994).

### *Going and Coming Rule Employer's Premises Exception*

■ In Delaware, an employee is entitled to receive benefits pursuant to the workers' compensation statute for injuries or death "arising out of and in the course of the employment," but only:

> ... while the employee is engaged in, on or about the premises where the employ-

ee's services are being performed, which are occupied by, or under the control of, the employer (the employee's presence being required by the nature of the employee's employment)....

19 *Del.C.* § 2301(15)(a). *See also* 19 *Del.C.* § 2304.

■ PNC's preliminary argument is that this Court should affirm the judgment of the Superior Court on a theory that the Superior Court did not address directly, to wit: Tickles' injury was not compensable because she had not arrived at her place of employment. As the appellee, PNC is entitled to argue any theory in support of the judgment in its favor, even if that theory was not relied upon in the decision on appeal. *Haley v. Town of Dewey Beach,* Del.Supr., 672 A.2d 55, 58–9 (1996); *In re Santa Fe Shareholder Lit.,* Del.Supr., 669 A.2d 59, 67 (1995). PNC would be required to file a cross-appeal only if it wanted partial affirmative relief from the judgment in its favor, and if PNC could demonstrate that it had been aggrieved by the apparently favorable judgment. *Haley v. Town of Dewey Beach,* 672 A.2d at 58, *Universal Underwriters v. Travelers Ins.,* Del.Supr., 669 A.2d 45, 49 (1995). *Cf. Watson v. City of Newark,* 3rd Cir., 746 F.2d 1008, 1010 (1984).

■ Delaware follows the "going and coming" rule, which precludes an employee from receiving workers' compensation benefits for injuries sustained while traveling to and from his or her place of employment. *Histed v. E.I. du Pont de Nemours & Co.,* Del.Supr., 621 A.2d 340, 343 (1993); *Devine v. Advanced Power Control, Inc.,* Del.Super., 663 A.2d 1205, 1210 (1995). The rationale behind the "going and coming" rule's bar to recovery is that, when traveling to and from work, the employee simply confronts the same hazards and, therefore, experiences the same risks encountered by an individual on a personal excursion. *Histed v. E.I. du Pont de Nemours & Co.,* 621 A.2d at 343. There is a recognized exception to the general "going and coming" rule, however, for an injury that occurs while the employee is going to and from work, if that injury occurs on the employer's premises. *Quality Car Wash v. Cox,* Del.Super., 438 A.2d 1243, 1245 (1981),

*rev'd on other grounds,* Del.Supr., 449 A.2d 231 (1982). 1 Arthur Larson, *The Law of Workmen's Compensation* § 15.00, at 4–3 (1997).

PNC argues that Tickles was not injured on the premises of the particular building where she was scheduled to work and, therefore, is not eligible for worker's compensation benefits. The basis of this argument is that Tickles was injured in the parking lot of Building 103 when she actually performed her job in Building 400. Thus, according to PNC, the "premises" exception to the "going and coming" rule is inapplicable because Tickles was on her way to work, but had not yet arrived.

In Delaware, the premises exception to the "going and coming" rule has been construed to include an employer's parking lot. *Rose v. Cadillac Fairview Shopping Center Properties Inc.,* Del.Super., 668 A.2d 782, 787–88 (1995). Thus, once an employee reaches the employer's parking lot, i.e., the premises, he or she is entitled to compensation for injuries otherwise covered under the workers' compensation statute. *See id.* at 788. Tickles argues that when she arrived at the parking lot of Building 103, she was on her employer's premises.

In this case, the record reflects a business relationship between PNC's operations in Building 103 and Building 400, e.g., the human resources department for both buildings was housed in Building 103. The record also reflects that PNC's employees often walked between Buildings 103 and 400 by crossing through the PNC parking lot for Building 103, where Tickles was injured. Accordingly, in accordance with Delaware's prior legal precedents construing the "going and coming" rule and its employer's "premises" exception, we hold that Tickles was injured at her place of employment. *Cox v. Quality Car Wash,* 449 A.2d at 232. *Rose v. Cadillac Fairview Shopping Center Properties, Inc.,* 668 A.2d at 782.

### Course of Employment
### Incidental Preparatory Actions

■ The remaining question before this Court is whether the Board was legally

correct in concluding that Tickles' injury was not within the course of her employment, based on the fact that the accident occurred before her workday had begun. "In the course of employment" relates to the "time, place and circumstances" of the injury. *Storm v. Karl–Mil, Inc. By Home Ins. Co.*, Del.Supr., 460 A.2d 519, 521 (1983). "Arising out of the employment" refers to the origin and cause of the injury. *Id.* at 521. An essential causal relationship between the employment and the injury is unnecessary. *Id.* Therefore, the employee does not have to be injured during a job-related activity to be eligible for worker's compensation benefits.

■ The general rule is that a reasonable interval before working hours is "in the course of employment," while the employee is on the premises engaged in preparatory or incidental acts. 2 Arthur Larson, *The Law of Workmen's Compensation*, § 21.60(a), at 5–45 (1997). Other jurisdictions have construed incidental acts, including eating, drinking, smoking, seeking toilet facilities and seeking fresh air, coolness or warmth, to be in the course of employment. *Carter v. Volunteer Apparel, Inc.*, Tenn.Supr., 833 S.W.2d 492, 495 (1992), 2 Arthur Larson, *The Law of Workmen's Compensation*, §§ 21.10–21.53, at 5–5 to 5–44 (1997). The general rule has been recognized in Delaware. *Rose v. Cadillac Fairview Shopping Center Properties, Inc.*, Del.Super., 668 A.2d 782, 788 (1995).

In *Rose*, the employee arrived at her employer's parking lot approximately one hour early, with the express purpose of parking and proceeding directly into the "break room" to wait for the beginning of her shift. The employee testified that in the past she has arrived at work early and used the break room to eat her lunch or read the paper. In *Rose*, it was determined that such acts constitute reasonably necessary acts of personal comfort that are incident to employment. The ultimate holding in *Rose* was that when the employee arrived in the parking lot, she was acting incident to the upcoming work day and, therefore, her injury arose out of and in the course of her employment.

In this case, the only ATM provided by PNC exclusively for its employees was in Building 103. That ATM could be accessed by PNC employees only using their employee identification cards. Tickles used the ATM on PNC's premises within a reasonable period prior to her scheduled starting time and in preparation for her workday. That conduct falls within the general rule that reasonably necessary acts of personal convenience or comfort that take place on the employer's premises, in preparation or anticipation of the workday, are incident to employment.

### Conclusion

The judgment of the Superior Court is reversed. This matter is remanded to the Superior Court. It should be remanded to the Board for further action in accordance with this opinion.