Ginny STEVENS, Claimant–
Below, Appellant,

v.

STATE of Delaware Employer–
Below, Appellee.

C.A. No. 01A–11–003 RRC.

Superior Court of Delaware,
New Castle County.

Submitted: March 14, 2002.
Decided: May 23, 2002.

Craig T. Eliassen, Esquire, Schmittinger and Rodriguez, P.A., Dover, Delaware, Attorney for Claimant–Below, Appellant.

Susan A. List, Esquire, Tybout Redfearn & Pell, Wilmington, Delaware, Attorney for Employer–Below, Appellee.

**MEMORANDUM OPINION**

COOCH, J.

## I. INTRODUCTION

This is an appeal from a decision rendered by a Hearing Officer of the Industrial Accident Board (hereinafter the "Board")[1] on the petition of Ginny Stevens ("Claimant") to determine compensation due from an accident Claimant alleges is work-related. The alleged work-related accident occurred on May 7, 2001 while Claimant was exiting a Wawa convenience store at which a van sponsored by the State of Delaware and coordinated through Claimant's employer, the Department of Corrections (the "Employer"), had stopped. Claimant thereafter experienced periods of total disability and incurred attendant medical expenses. The Board denied the petition on the basis that Claimant was not within the course and scope of her employment at the time of Claimant's injury. The relevant facts are not in dis-

---

1. *See* Del.Code Ann. tit. 19, § 2301B(4) (1995) (providing that hearing officers, on request of the parties, have the power to issue final decisions with the same authority as a decision of the Industrial Accident Board).

pute, and this Court, in reviewing Claimant's petition, adopts the facts as set forth in the Board's October 15, 2001 decision.[2]

There are two issues on appeal. The first issue is whether the Board committed legal error in determining that Claimant was subject to the "going and coming" rule which generally holds as noncompensable those injuries occurring during a worker's commute to and from work unless the injury occurs while an employee is actually on an employer's "premises". The second issue is whether the Board committed legal error in determining that the "personal comfort" doctrine did not apply; that doctrine holds that employees who are "within the time and space limits of their employment" and who are injured while engaging in acts "which minister to their personal comfort" can still be compensated for their injury.

This Court finds that the Board correctly held that 1) the "going and coming" rule applied because Claimant's injury occurred while she was off Employer's "premises" and 2) the "personal comfort" doctrine did not apply because Claimant was not "within the time and space limits of her employment" when she was injured. This Court holds the Board's decision is free from legal error and accordingly is **AFFIRMED**.

## II. FACTS AND PROCEDURAL HISTORY

At the hearing before the Board to determine compensation due, Claimant testified that on May 7, 2001, she was injured in the public parking lot of a Wawa convenience store that she had just exited after purchasing some popcorn and an apple. Claimant had worked for the Department of Corrections at the Gander Hill facility in Wilmington for twenty months prior to her injury.

Claimant lives in Dover and participates in a vanpool through the State of Delaware's Fleet Services. Claimant had made her own arrangements to participate in the vanpool through a coordinator who works at the Gander Hill facility. Claimant paid a monthly fee to participate in the van service, and she was not compensated for her travel time to and from work. All of the participants in Claimant's vanpool worked at Gander Hill. The correctional officers who used the vanpool service took turns driving the van, and, like Claimant, also paid to use the service. While on their way to work each day, the officers regularly stopped at the particular convenience store where Claimant was injured.

The corrections employees were subject to a generally applicable code of conduct established by the Department of Corrections which was in effect while the officers were riding in the van; in the past, correctional officers riding in the van had been disciplined for their conduct while in the van. There were forms in the van with which a vanpool participant could report any incidents occurring therein. Additionally, a female officer who regularly rode in the van once was reprimanded while inside the Wawa because the officer had not been properly attired.

Claimant was not required by her job to take the van each day and the van was not required to stop at the Wawa. Many employees of the Department of Corrections drove their own vehicles to work.

The Board concluded that Claimant's injury was not compensable because "she was not on the State's premises at the time of injury, nor was she engaged in the State's business."[3] The Board found that

---

**2.** *Ginny Stevens v. State of Delaware,* IAB Hearing No. 1190666 (October 15, 2001) (hereinafter "IAB Decision at ___").

**3.** IAB Decision at 4.

the van was not to be considered Employer's "premises" for purposes of the "going and coming" rule;[4] the Board also found that Claimant's injury was not compensable because her injury occurred during Claimant's regular commute to work. The Board further stated that the "personal comfort" doctrine did not apply.

## III. CONTENTIONS OF THE PARTIES

### A. CLAIMANT'S CONTENTIONS

On appeal, Claimant argues that the Board committed legal error in concluding that Claimant was not within the course and scope of her employment at the time she was injured. Stating (correctly) that questions relating to a claimant's course and scope of employment are "highly factual", and that the workers' compensation statute should be "interpreted liberally", Claimant argues that the Board should have narrowly interpreted the "going and coming" rule and found that the Wawa parking lot was, as a matter of law, Employer's "premises". Claimant alternatively argues that her injury occurred during an act of "personal comfort" performed while in the course and scope of employment, and that therefore her injury is compensable.

As part of her argument that the "going and coming" rule should not apply (because the Wawa parking lot should be legally deemed Employer's "premises"), Claimant asks this Court to find that Employer "endorsed" what would normally be an off-premises site (thereby converting the lot to Employer's "premises") because the van that had been "supplied for the Gander Hill correctional officers stopped

every day at the same Wawa convenience store."[5] Additionally, Claimant argues that because the vanpool was coordinated through the Gander Hill facility where she worked and "helped to meet the employer's objective of getting officers to a dangerous facility on time for the upcoming shift change," Employer "endorsed an off-premises condition that deserves to be called a risk of this particular employment."[6] Claimant also points to the fact that other correctional officers were on occasion disciplined for their conduct while riding the van, as well as to an incident of an officer having been reprimanded while inside the convenience store because of the nature of her attire. Claimant argues that if Employer "did not want its correctional officers exposed to the very risks at issue in this case, [it] need only have prohibited [C]laimant and those similarly situated from stopping at the Wawa . . . ."[7] Claimant seeks reversal of the Board's decision.

### B. EMPLOYER'S CONTENTIONS

Employer argues that the Board's decision is free from legal error. Employer asserts that Claimant's injury did not occur on the Employer's premises because Claimant was injured while exiting the Wawa convenience store, not in the van she used to get to work. Thus, Employer argues that Claimant's injury does not fall within an exception to the "going and coming" rule as she was not on Employer's "premises".

While Employer acknowledges that an essential causal relationship between employment and injury is unnecessary, Employer argues that Claimant was injured in an area over which Employer had no "con-

---

4. The Board also stated that even if the van were deemed Employer's "premises", compensation for Claimant's injury pursuant to the "going and coming" rule would still be unavailable because Claimant was not injured while in the van.

5. Appellant's Reply Br. at 3.

6. Appellant's Opening Br. at 6.

7. *Id.* at 4.

trol", *i.e.*, the parking lot of a public convenience store. Thus, Employer argues, Claimant's injury "was in no manner related to either the Employer's premises or the van [in which Claimant rode to work] itself." [8]

Employer also argues that the "personal comfort" doctrine is inapplicable, asserting that for the "personal comfort" doctrine to apply, Claimant must have been injured while in a time and place reasonably associated with Claimant's employment, and that some "reasonable" causal relationship between Claimant's injury and her employment must also be demonstrated. Employer contends that Claimant did not meet these requirements, as the injury occurred prior to the start of Claimant's shift and while Claimant was leaving a public convenience store. Employer seeks affirmance of the Board's decision.

## V.  STANDARD OF REVIEW

■ Whether an employee can be compensated under the workers' compensation statute is a mixed question of law and fact.[9] On appeal from a decision of the Industrial Accident Board, the function of the Superior Court is to determine whether the Board's conclusions are supported by substantial evidence and are free from legal error.[10] The Superior Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[11] If substantial evidence exists and the Board made no error of law, the Board's decision must be affirmed.[12] Questions of law as are found here, however, are subject to *de novo* review by the Superior Court.[13]

■ In conducting its review of the "going and coming" rule, which is codified at Title 19, section 2301(15)(a) of the Delaware Code, this Court may accord due weight, but not defer, to the Board's interpretation of this statute which it regularly administers.[14] The Court will not defer to such an interpretation as correct merely because it is rational or not clearly erroneous.[15] By contrast, the Board determined that the "personal comfort" doctrine did not apply; this Court in reviewing that decision need not accord "due weight" to the Board's legal determination because the doctrine is a matter of common law, not the interpretation of a statute regularly administered by the Board.[16]

## V.  CLAIMANT'S PETITION WAS PROPERLY DENIED UNDER THE "GOING AND COMING" RULE

### A.  INTRODUCTION

■ In Delaware, an employee is entitled to receive benefits pursuant to the workers' compensation act for injuries or

---

8.  Appellee's Answering Br. at 8.

9.  *Histed v. E.I. du Pont de Nemours & Co.,* 621 A.2d 340, 342 (Del.1993).

10.  *General Motors Corp. v. Freeman,* 164 A.2d 686, 688 (Del.1960); *Johnson v. Chrysler Corp.,* 213 A.2d 64, 66 (Del.1965).

11.  *Johnson,* 213 A.2d at 66.

12.  *Breeding v. Contractors–One–Inc.,* 549 A.2d 1102, 1104 (Del.1988).

13.  *State of Delaware v. Worsham,* 638 A.2d 1104, 1106 (Del.1994).

14.  *Public Water Supply Co. v. DiPasquale,* 735 A.2d 378, 382 (Del.1999) (holding that on appeal, the Superior Court may accord due weight to an agency interpretation of a statute administered by it).

15.  *Id.* at 382–83.

16.  *See* 1 Richard J. Pierce, Jr., Administrative Law Treatise, § 3.3, at 144 (4th ed.2002) (stating "When no statute applies...judges [as opposed to an agency] must make the policy decisions necessary to resolve [a] dispute.").

death "arising out of and in the course of employment,"[17] but only:

...while the employee is engaged in, on or about the premises where the employee's services are being performed, which are occupied by, or under the control of, the employer (the employee's presence being required by the nature of the employee's employment)....[18]

The requirements "arising out of" and "in the course of" employment are two separate requirements both of which must be met for workers' compensation to be available under the statute.[19] The phrase "arising out of...employment" refers to the origin of the accident and its cause.[20] The phrase "in the course of employment" refers to the time, place, and circumstances of the injury.[21] An essential causal relationship between the employment and the injury is unnecessary.[22] "Therefore, [an] employee does not have to be injured during a job-related activity to be eligible for workers' compensation benefits."[23] Questions relating to the course and scope of employment are highly factual and must be resolved under a totality of the circumstances test.[24]

## B. THE "GOING AND COMING" RULE, GENERALLY

■■■■ A scholarly treatise has succinctly summarized the "going and coming" rule as follows:

As to employees having fixed hours and place of work, injuries occurring on the premises while they are going to and from work before or after working hours...are compensable, but if the injury occurs off the premises, it is not compensable, subject to several exceptions.[25]

Delaware follows the "going and coming" rule,[26] which in essence precludes an employee from receiving workers' compensation benefits for injuries sustained while traveling to and from the worker's place of employment. Title 19, section 2301(15)(a) of the Delaware Code has been said to "embody" the rule.[27] The rationale behind the rule's bar to recovery is that while traveling to and from work, an employee faces the same hazards (and therefore experiences the same risks) as an individual on a personal excursion.[28] Additionally, section 2301(15)(a) has three requirements for the "going and coming" rule not to apply: 1) the employee must be on the "premises" where the employee's services are being performed; 2) the "premises" must be occupied by, or under the control of, the employer; and 3) the employee's presence on the employer's "premises" must be required by the nature of the employment.[29]

■■■ Delaware courts have recognized that an employer's "premises" may include a parking lot, regardless of whether or not

17. Del.Code Ann. tit. 19, § 2304 (1995).

18. Del.Code Ann. tit. 19, § 2301(15)(a) (1995).

19. *Dravo Corp. v. Strosnider,* 45 A.2d 542, 543 (Del.Super.Ct.1945).

20. *Storm v. Karl–Mil, Inc. by Home Ins. Co.,* 460 A.2d 519, 521 (Del.1983).

21. *Id.*

22. *Tickles v. PNC Bank,* 703 A.2d 633, 637 (Del.1997).

23. *Id.*

24. *Histed,* 621 A.2d at 345.

25. 1 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law at 13–1 (2001).

26. *Histed,* 621 A.2d at 343.

27. *Id.*

28. *Id.*

29. *See* Del.Code Ann. tit. 19, § 2301(15)(a) (1995).

the employer owns or controls that lot.[30] In cases of injuries occurring not on the employer's "premises", exceptions to the "going and coming" rule exist for employees who are sent on special errands, for employees who are continuously on call, and for "traveling employees", *i.e.*, those workers who have semi-fixed places of business and whose employment involves substantial amounts of travel.[31]

■ Because the workers' compensation statute is to be liberally interpreted, the "going and coming" rule should be narrowly interpreted and exceptions to the rule should be broadly interpreted "so that coverage is not denied wherever the injuries can fairly be characterized as arising out of the employment." [32]

## C. THE PARKING LOT IN WHICH CLAIMANT WAS INJURED WAS NOT PART OF EMPLOYER'S "PREMISES"

Because Claimant was injured while on her way to work, she would have had to have been injured on Employer's "premises" for her petition not to be barred by the "going and coming" rule.[33] If Claimant were not on Employer's "premises", certain recognized exceptions would otherwise have to apply in order for her to be awarded workers' compensation benefits.

Larson defines "premises" to include "the entire area devoted by the employer to the industry with which the employee is associated." [34] Larson further explains that an "extension" of the "premises" rule has been recognized as to parking lots and that the reasoning behind this extension differs depending on whether the lot is or is not contiguous to the place of employment. As to lots that are contiguous to the place of employment, Larson says:

> This [reasoning behind the "extension" of the "premises" rule to parking lots contiguous with the place of employment] is the principle that travel between two parts of the employer's premises is compensable.[35]

As to lots that are not contiguous to the place of employment, Larson explains:

> By establishing or sponsoring a parking lot not contiguous to the working premises, [an] employer...create[s] the necessity for encountering the hazards lying between these two portions of the premises. No such considerations apply to a trip to some bus stop or railway terminal or to some parking location on a public street over which the employer has no conceivable control.[36]

While no Delaware court appears to have defined "premises" in the context of the "going and coming" rule, those Delaware cases recognizing the "extension" of the "premises" rule to parking lots (in the particular circumstances of those cases) are factually distinguishable from the present case.

Thus, the Supreme Court found in *Cox v. Quality Car Wash* [37] that the parking lot

---

**30.** *Tickles*, 703 A.2d at 636; *Rose v. Cadillac Fairview Shopping Center Properties, Inc.*, 668 A.2d 782, 787–88 (Del.Super.Ct.1995), *aff'd* sub nom. *Rose v. Sears, Roebuck & Co.*, Del. Supr., Nos. 371, 390, 1995, Veasey, C.J., 1996 WL 145782 (Feb. 23, 1996).

**31.** *Devine v. Advanced Power Control, Inc.*, 663 A.2d 1205, 1210 (Del.Super.Ct.1995).

**32.** *Collier v. State*, 1994 WL 381000 (Del.Super.), at * 2.

**33.** *See Histed v. E.I. du Pont de Nemours & Co.*, 621 A.2d 340, 342 (Del.1993) (holding in part that injuries resulting from accident during an employee's regular travel to and from work are noncompensable).

**34.** 1 Larson, *supra* note 25, § 13.04, at 13–38.

**35.** 1 Larson, *supra* note 25, § 13.01[2][b], at 13–9 to 13–10.

**36.** *Id.*

**37.** 449 A.2d 231 (Del.1982).

in which the claimant was injured-the parking lot of a shopping center across a public road from the employer's car wash—"was part of the employer's 'premises' under the 'control by use' theory." [38] The Supreme Court cited several of the Board's factual findings which the Court found established the employer's "control by use": that the employer used the lot to store or accommodate an overflow of cars waiting to use the car wash services; that company policy allowed parking on the lot; that the parking lot which the employer provided was on appropriated state land; and that it was reasonable for employees to use the lot as a parking space. [39] Thus the employer in *Cox* had established a parking lot not contiguous to the work area, and thereby created the likelihood that the claimant would encounter the hazard that caused his injury.

Similarly, in *Rose v. Cadillac Fairview Shopping Center Properties, Inc.*, [40] the Superior Court held that the employer's "premises" included a remote area of the parking lot of the mall in which the employer was located. The Court reasoned that the employer "exhibited sufficient indicia of control to bring the parking lot within the ambit of its premises" [41] because the employer directed its employees to park in a certain area of the mall parking lot, the employer knew of and condoned the use of that area of the lot by its employees, security cameras used by the employer monitored that area of the lot, and security officers were available to escort employees to and from that area. [42] Again, an employer had established a parking lot not contiguous to the work area, and thereby created the likelihood

that the claimant would encounter the hazard causing the injury.

Finally, in *Tickles v. PNC Bank*, [43] the Supreme Court held that the claimant was on her employer's "premises" when she was injured in a parking lot contiguous to and between two buildings owned by her employer. The Supreme Court noted that a business relationship between the employer's operations in the two buildings existed, and that employees (other than the claimant) often crossed between the two buildings by walking through the lot where the claimant was injured. [44] When the claimant fell in that parking lot between two buildings owned by her employer, she was "injured at her place of employment," [45] *i.e.*, on her employer's "premises".

■ Here, the Wawa parking lot in which Claimant was injured was located in a public area over which the employer had no "control". The Court finds that the evidence to which Claimant points—the fact that the vanpool in which Claimant participated stopped every day at the same convenience store where she was injured and the fact that other correctional officers had been disciplined for their conduct both inside of the van and inside the convenience store—does not evince "control" over the parking lot in which she was injured, such that the lot could be considered part of Employer's "premises". The close connections between employers and "premises" in the Delaware cases discussed above are absent here. The fact that the vanpool stopped every day at the same convenience store does not demonstrate an "endorsement" of a "risk". The

38. *Cox,* 449 A.2d at 232.

39. *Id.* at 232 n. *.

40. 668 A.2d 782 (Del.Super.Ct.1995)

41. *Id.,* 668 A.2d at 788.

42. *Id.*

43. 703 A.2d 633 (Del.1997).

44. *Tickles,* 703 A.2d at 636.

45. *Id.*

decision to stop a van occupied and driven entirely by correctional officers was a personal choice by the persons participating in the vanpool, not "control" by Claimant's Employer of the area in which she was injured. Similarly, the fact that officers had been subject to discipline for inappropriate behavior while riding in the van and the apparently one-time-only incident of the officer being reprimanded while inside the convenience likewise do not show "control" over the parking lot in which Claimant was injured.

■ In an effort to extend Employer's "premises" to the public parking lot of the Wawa in which Claimant was injured, Claimant urges the Court to consider the actual van Claimant rode in to be under the "control" of Employer. Claimant relies on the case of *State v. Glascock* [46] for her argument that workers' compensation is potentially available "when the employer controls the conditions by which employees get to work." [47] *Glascock* is distinguishable, however, as that case involved an employee who was on call 24 hours a day and who was provided a vehicle by his employer because of that fact; thus the employee fell within the exception to the "premises" rule for employees who are continuously on call. Claimant in the instant case falls within that category of persons having fixed hours and places of work, and thus her van ride was subject to the "going and coming" rule with the result that her journey to work is more akin to a regular commute than the work travel of a continuously on call employee. And, as indicated above, Employer did not "control the conditions" by which Claimant would get to work, *i.e.*, Claimant could just as easily driven herself.

Claimant's additional argument that the vanpool allegedly served Employer's "objective" of getting employees to work on time, and therefore serves to bring Claimant's commute within the course and scope of her employment, is not persuasive. Testimony produced at the Board hearing demonstrated that officers were not required to ride the van to work, and that in fact many officers chose to drive themselves.

Lastly, a claimant injured while off the premises of the employer must fit within a recognized exception to the "going and coming" rule in order for that injury to be covered by workers' compensation. Delaware courts have recognized such exceptions for employees who are sent on special errands, for employees who are continuously on call, and for "traveling employees", *i.e.*, those workers who have semi-fixed places of business and whose employment involves substantial amounts of travel.[48] None of those apply here, so Claimant's injury does not fall within the workers' compensation statute on these grounds.

Looking at the totality of the circumstances and according "due weight" to the Board's interpretation of title 19, section 2301(15)(a) of the Delaware Code (which has been held to "embody" the "going and coming" rule), this Court concludes that the Board did not commit legal error in making its determination. Claimant's injury is noncompensable under Delaware's formulation of the "going and coming" rule because the injury did not occur on Employer's "premises".

---

**46.** 1997 WL 524078 (Del.Super.).

**47.** Appellant's Reply Br. at 4.

**48.** *Devine v. Advanced Power Control, Inc.,* 663 A.2d 1205 (Del.Super.Ct.1995) (holding

that an injured worker was within the course of employment even though he was returning home at the end of the workday because he had a semi-fixed place of business and travel was a substantial part of his employment).

## VI. THE "PERSONAL COMFORT" DOCTRINE DOES NOT APPLY TO CLAIMANT'S INJURY

### A. DELAWARE'S RECOGNITION OF THE "PERSONAL COMFORT" DOCTRINE

■ The "personal comfort" doctrine and the "going and coming" rule are related but distinct concepts. For the "personal comfort" doctrine to apply, workers' compensation claimants with fixed hours and places of work normally must have been on their employer's "premises" at the time of injury and must have been performing an act that "ministers" to their personal comfort.[49] By comparison, the "going and coming" rule will usually apply unless the claimant is on the employer's "premises" when injured, and the rule covers more acts than those that merely "minister" to an employee's personal comfort. Both the "personal comfort" doctrine and the "going and coming" rule involve elements of both time and place that must be satisfied for workers' compensation potentially to be available.

The "personal comfort" doctrine has been summarized as follows:

> Employees who, within the time and space limits of their employment, engage in acts which minister to personal comfort do not thereby leave the course of employment, unless the extent of the departure is so great that an intent to abandon the job temporarily may be inferred. . . . [50]

Delaware recognizes this doctrine. In the *Rose* and *Tickles* cases (which dealt only with a portion of the "personal comfort" doctrine, namely "preparatory or incidental acts" before and after working hours), Delaware courts found that the course of employment for employees having a fixed time and place of work embraces a reasonable interval before and after official working hours if the employee is on the "premises" engaged in "preparatory or incidental acts", *i.e.*, acts in preparing for or at the completion of the workday. The *Rose* and *Tickles* courts did not, however, explicitly characterize this legal principle as the "personal comfort" doctrine.[51]

### B. THE "PERSONAL COMFORT" DOCTRINE DOES NOT APPLY BECAUSE CLAIMANT WAS NOT "WITHIN THE TIME AND SPACE LIMITS OF HER EMPLOYMENT" AT THE TIME OF HER INJURY

Claimant argues that the "personal comfort" doctrine applies here because an employee "does not have to be injured in a job-related activity to be eligible for workers' compensation benefits."[52]

Those Delaware cases conducting such a "personal comfort" analysis (even if not expressly identified as such) are inapposite. In *Tickles*, a workers' compensation claimant was on her employer's "premises" engaged in a "preparatory or incidental" act when, one hour before her shift began, she went to use an ATM provided by her employer exclusively for the use of employees and which could only accessed by employees using their identification cards; thus the claimant's injury was sustained

---

**49.** Examples of acts which "minister" to "personal comfort" include eating, drinking, sleeping, resting, washing, smoking, and seeking fresh air. *See* 2 Larson, *supra* note 25, § 21.01, at 21–2.

**50.** 2 Larson, *supra* note 25, at 21–1.

**51.** *Cf. Bedwell v. Brandywine Carpet Cleaners,* 684 A.2d 302 (Del.Super.Ct.1996) (stating the "personal comfort" rule and then holding that "traveling" employees, *i.e.*, employees whose work entails travel away from the employer's "premises", can be within the course and scope of employment while engaging in acts which minister to their personal comfort).

**52.** Appellant's Reply Br. at 4–5.

"in the course of employment" and compensable under the workers' compensation act.[53] In *Rose*, this Court determined that an employee's arrival at work 50 to 55 minutes early was a reasonable amount of time prior to commencement of her work (and thus brought her claim within the workers' compensation act) in part because she intended to go into her employer's break room and read the paper until her shift was to begin, an act that was within the "personal comfort" doctrine because there was no evidence of any other personal purpose not connected with her employment.[54] In both cases the employees involved were within the time and space limits of their employment.

■ Here, Claimant was injured in the public parking lot of a convenience store that she had just left after purchasing a snack. Claimant was not on employer's "premises" and was not within the time and space limits of her employment. Unlike the claimant in *Tickles*, there was nothing exclusive to Claimant or the other correctional officers in her vanpool about the convenience store from which she had just exited, and the parking lot in which Claimant was injured was not situated between two buildings owned by her employer, as was the lot in *Tickles*. Unlike the injured employee in *Rose*, Claimant's activity here demonstrates a personal purpose not connected with her employment in that Claimant was injured by a hazard similar to what any individual with a fixed place of business could face during a stop to make a purchase at a convenience store while commuting to work.

The Court, in conducting its own analysis, reaches the same conclusion as the Board. The "personal comfort" doctrine does not apply, and thus the Board did not commit legal error in making that determination.

## VII. CONCLUSION

In the final analysis, Claimant's injury did not "arise out of" nor was it "in the course of" her employment. The "going and coming" rule applies to Claimant because the Wawa parking lot was not part of Employer's "premises". Claimant cannot avail herself of the "personal comfort" doctrine because her injury did not occur "within the time and space limits of her employment." The Board therefore did not commit error in making its determination that Claimant's injury was noncompensable. Accordingly, the decision of the Board is **AFFIRMED**.

**IT IS SO ORDERED.**

---

53. *Tickles*, 703 A.2d at 637.

54. *Rose*, 668 A.2d at 788–89.