# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KIM BROWNING, )
)
      Appellant )
)
    v. ) C.A. No.: K20A-03-001 VLM
)
STATE OF DELAWARE, )
)
      Appellee. )

## <u>MEMORANDUM OPINION</u>

Submitted: January 22, 2021
Decided: May 3, 2021

*Upon Consideration of Appellant's Appeal of the Decision of the Industrial Accident Board*, **AFFIRMED**.

Joseph Stanley, Esquire of Schwartz & Schwartz, Attorneys at law, Dover, Delaware. *Attorney for Appellant*.

Keri L. Morris-Johnston, Esquire of Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. *Attorney for Appellee*.

**MEDINILLA, J.**

# I. INTRODUCTION

Appellant Kim Browning ("Browning") challenges a decision of the Industrial Accident Board ("Board") that found she was not acting in the course and scope of her employment when injured, thus making her ineligible for workers' compensation benefits under 19 *Del. C.* § 2301(19)(a). For the reasons set forth below, upon consideration of the arguments, submissions of the parties, and the record in this case, the Board's decision is **AFFIRMED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

For fourteen years, Browning worked as a Judicial Assistant I, formerly known as a bailiff, in the Superior Court in Kent County ("Employer").[1] Browning's duties as Judicial Assistant I included protecting judges and visitors to the Superior Court and controlling the assigned courtroom.[2] Since Judicial Assistant I's are also considered peace officers, she was sometimes required to pursue people who had left the courthouse and bring them back inside[3] or escort jurors to a designated area outside of the courthouse.[4]

Some court employees had assigned parking spots located in the parking garage underneath the courthouse,[5] but Browning and other Judicial Assistant I's

---

[1] IAB Hearing Transcript 2/5/2020, at 7:23-8:4 [hereinafter Transcript].
[2] *Id.* at 9:16-22.
[3] *Id.* at 11:21-24; 12:3-14.
[4] *Id.* at 11:15-18.
[5] *Id.* at 31:8-13.

were not among them.[6]  Therefore, she normally parked on Federal Street as close to the courthouse as possible,[7] although there was no rule requiring her to do so.[8]  If Federal Street was closed or others were parked in the spaces near the courthouse, Browning would need to find parking elsewhere.[9]

On January 24, 2018, she was required to be in work by 8:00 am.[10]  Ten minutes prior, and in uniform,[11] she parked her car on Federal Street near the courthouse.[12]  Upon parking, Browning exited her car, walked behind it, and stepped onto the grass; she felt the ground move, picked up her back foot, and a sinkhole opened beneath her, causing her to fall in.[13]  A Supreme Court employee parked nearby heard Browning's call for help[14] and called for an ambulance.[15]  The same employee returned with three police officers who managed to get Browning out of the hole.[16]

When the fall occurred, Browning had not yet crossed into the threshold of the courthouse.[17]  The grass area where the sinkhole opened belonged to the State of

---

[6] Transcript, at 14:11-18.
[7] *Id.* at 16:25-17:5.
[8] *Id.* at 43:11-14.
[9] *Id.* at 29:15-30:3; 35:24-36:17.
[10] *Id.* at 20:16-18.
[11] *Id.* at 24:21-25.
[12] *Id.* at 16:25-17:5.
[13] *Id.* at 18:5-12.
[14] *Id.* at 18:22-19:6.
[15] *Id.* at 19:9-10.
[16] *Id.* at 19:17-21.
[17] *Id.* at 27-10-12.

Delaware, however, it was not Employer's property.[18] Browning reported the incident to Employer.[19]

On November 15, 2019, Browning filed a Petition to Determine Compensation Due seeking workers' compensation benefits for the injuries she sustained in the fall.[20] At an evidentiary hearing on February 13, 2020, the sole issue before the Board was whether Browning was acting in the course and scope of her employment when she fell. Employer argued that the "going and coming" rule precluded workers' compensation for injuries suffered while going to or coming from work. Browning argued that the location of the fall was on Employer's premises, thereby making her eligible for benefits under the "premises exception" to the rule.

The Board denied Browning's petition and determined that Browning was not acting in the course and scope of her employment when she fell because she was not on the Employer's premises at the time of the fall.[21] The Board considered that though some court employees had their designated parking spots in a parking garage underneath the court building,[22] Browning was not one of them.[23] It took into account that although Browning normally parked on Federal Street as close to the

---

[18] Transcript, at 23:2-4.
[19] *Id.* at 19:22-24.
[20] 19 *Del. C.* § 2301.
[21] *See Browning v. State*, IAB No. 1468187, at *11 (Feb. 14, 2020).
[22] Transcript, at 31:8-13; *Browning*, IAB No. 1468187, at *5.
[23] Transcript, at 14:11-18; *Browning*, IAB No. 1468187, at *5.

4

courthouse as possible,[24] this was by choice as Employer did not require her to park within any specific proximity of the building nor require its employees to park there.[25]

The Board further considered that Employer exercised no authority over Federal Street.[26] Although Federal Street is owned by the State, it is the City of Dover that exercised such authority (i.e., to block off the street's parking spaces or shut the street down for events).[27] The evidence established that Employer had no authority to override the City of Dover's decisions.[28] Since the street parking spaces are open to all persons, Employer had no ability to ticket or direct non-courthouse traffic to park elsewhere.[29] Finally, the Board took into account that Employer bore no responsibility for the maintenance of the parking spaces on Federal Street.[30]

On March 7, 2020, Browning filed a notice of appeal. Briefs were filed on October 11 and November 16, 2020, and the matter was assigned to this Court on January 22, 2021. This matter is now ripe for decision.

---

[24] Transcript, at 16:25-17:5; *Browning*, IAB No. 1468187, at *3.
[25] Transcript, at 43:11-14; *Browning*, IAB No. 1468187, at *10.
[26] *Browning*, IAB No. 1468187, at *11.
[27] Transcript, at 35:20-36:17; *Browning*, IAB No. 1468187, at *11.
[28] Transcript, at 36:18-37:6; *Browning*, IAB No. 1468187, at *11.
[29] Transcript, at 37:14-38:4; *Browning*, IAB No. 1468187, at *11.
[30] Transcript, at 37:10-13; *Browning*, IAB No. 1468187, at *5.

## III.   PARTY CONTENTIONS

Browning argues the Board erred in its determination that she was not on Employer's premises when she fell.[31] Employer seeks this Court affirm the Board's decision that Browning is barred from recovering benefits under Workers' Compensation where she was unable to meet her burden that she was within the course or scope of her employment.[32]

## IV.   STANDARD OF REVIEW

On appeal from the Board, this Court's role is to determine whether substantial evidence exists to support the Board's decision, and to examine the Board's findings and conclusions for legal error.[33] Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,"[34] and is "more than a mere scintilla but less than a preponderance."[35] This Court reviews legal determinations of the Board *de novo*.[36] In conducting its review of the "going and coming" rule under 19 *Del. C.* § 2301(19)(a), this Court "may accord due weight, but not defer, to the Board's interpretation of this statute which it regularly administers."[37]

---

[31] Appellant's Opening Brief, D.I. 10 at 8 [hereinafter Opening Brief].

[32] Appellee's Answering Brief, D.I. 11, at 8 [hereinafter Appellee's Answer].

[33] *Harasika v. State*, 2013 WL 1411233, at *3 (Del. Super. Feb. 28, 2013).

[34] *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

[35] *Kiefer v. Nanticoke Health Servs.*, 979 A.2d 1111 (Del. 2009).

[36] *Bundy v. Corrado Bros.*, 1998 WL 283460, at *2 (Del. Super. Mar. 25, 1998).

[37] *Stevens v. State*, 802 A.2d 939, 944 (Del. Super. 2002) (citing *Public Water Supply Co. v. DiPasquale*, 735 A.2d 378, 382 (Del. 1990)).

## V. DISCUSSION

Under 19 *Del. C.* § 2304, an employee may recover workers' compensation benefits for injuries or deaths "arising out of and in the course of employment. . . ."[38] Recovery is appropriate only where a two-part test is satisfied.[39] The first is that the injury must arise out of the employment or within the scope,[40] as it "refers to the origin of the accident and its cause."[41] The second is that the injury must occur "in the course of employment," referencing "time, place, and circumstances of the injury."[42] Even if an employee is not engaged in a work-related activity at the time of his or her injury, they may still recover.[43] "[Q]uestions relating to the course and scope of employment are highly factual" and "must be resolved under a totality of the circumstances test."[44]

Our Supreme Court has stated that "the analysis of the 'scope' issue should start by focusing upon the employment agreement itself."[45] Here, Browning was not subject to an employment contract,[46] and the Court must then turn to "secondary

---

[38] 19 *Del. C.* § 2403.
[39] *Stevens v. State*, 802 A.2d 939, 945 (Del. Super. 2002).
[40] *See Histed v. E.I. Du Pont de Nemours & Co*, 621 A.2d 340, 345 (Del. 1993).
[41] *Stevens*, 802 A.2d at 945.
[42] *Id.*
[43] *Id.*
[44] *Histed*, 621 A.2d at 345.
[45] *Spellman v. Christiana Care Health Servs.*, 74 A.3d 619, 625 (Del. 2013).
[46] Transcript, 33:25-34:4.

default presumptions and rules of construction"[47] to determine whether her injury arose out of the course of her employment.

One of these secondary rules is the "going and coming" rule.[48] The rule "precludes an employee from receiving workers' compensation benefits for injuries sustained while traveling to and from his or her place of employment."[49] The rationale for such rule stems from the notion that "when traveling to and from work, the employee simply confronts the same hazards and, therefore, experiences the same risks encountered by an individual on a personal excursion."[50]

Here, it is undisputed that Browning's work hours were from 8:00 am to 4:30 pm.[51] The accident occurred around 7:50 am while she was on her way to work[52] and Browning had not crossed the courthouse threshold at the time of her fall.[53] Thus, the "going and coming" rule applied initially to bar her recovery.

[47] Transcript, 33:25-34:4.
[48] *Spellman*, 74 A.3d at 625; *see also* 19 *Del. C.* § 2301(19)(a) ("'Personal injury sustained by accident arising out of and in the course of the employment'[s]hall not cover an employee except while the employee is engaged in, on or about the premises where the employee's services are being performed, which are occupied by, or under the control of, the employer . . . .").
[49] *Tickles v. PNC Bank*, 703 A.2d 633, 636 (Del. 1997) (citing *Histed v. E.I. du Pont de Nemours & Co.*, 621 A.2d 340, 343 (1993); *Devine v. Advanced Power Control, Inc.*, Del. Super., 663 A.2d 1205, 1210 (1995)).
[50] *Id.* (internal citation omitted).
[51] Transcript, at 24:1-4.
[52] *Id.* at 16:25-17:5.
[53] *Id.* at 27:10-12.

Several exceptions exist to the "going and coming" rule.[54]  One is the "premises exception[.]"[55]  "Under [this] exception, an employee is not barred from recovering workers' compensation where the employee's injury occurs on the employer's premises, even if the workday has already ended or has not yet officially begun."[56]  For Browning to be eligible for benefits, the Board had to find first that she qualified under the exception.  Simply put, if the Board found she sustained her injury on her employer's premises, she could recover; if not, she is barred.[57]  The Board determined Browning did not meet her burden.

Browning's argument on appeal is that the Board should have determined that she fell on Employer's premises under the "control by use" theory.[58]  The "control by use" theory states that "parking lots not owned by the employer may be part of the employer's premises when exclusively used, used with the owner's special permission, or just used, by the employees . . . ."[59]  In support, she cites to two

---

[54] *See Spellman*, 74 A.3d at 624.
[55] *Id.*
[56] *Id.* (citing *Tickles v. PNC Bank*, 703 A.2d 633, 636 (Del. 1997)).
[57] *See Quality Car Wash v. Cox*, 438 A.2d 1243, 1245 (Del. Super 1981), *rev'd on other grounds sub nom*, 449 A.2d 231 (Del. 1982).
[58] Opening Brief, at 9.
[59] *Quality Car Wash*, 438 A.2d at 1246 (quoting 1 Larson § 15.41, p. 4-62) (internal quotations omitted).

parking lot cases: *Cox v. Quality Car Wash*[60] and *Rose v. Cadillac Fairview Shopping Center*.[61]

In *Cox*, the claimant was injured when struck by a car crossing a public road after leaving work.[62]  The claimant was walking back to his car, parked in a paved lot across the street that had formerly been a supermarket.[63]  The paved lot was not owned by claimant's employer, but the employer maintained it as a parking lot for its employees.[64]  Though the Board found in favor of the claimant, the Superior Court reversed, finding lack of control on the employer's part.[65]  The Supreme Court reversed the Superior Court's decision finding the Board's conclusions were supported by substantial evidence.[66]

In *Rose*, the plaintiff was a part time sales associate working for Sears at the Dover Mall.[67]  Arriving at the parking lot early one day, upon exiting her vehicle, she was abducted, robbed, and raped by an unknown male.[68]  The plaintiff filed a complaint alleging negligence against Sears, among others.  Sears sought dismissal

---

[60] *Quality Car Wash*, 438 A.2d at 1245.
[61] *Rose v. Cadillac Fairview Shopping Ctr. Prop. (Del.) Inc.*, 668 A.2d 782, 785 (Del. Super. 1995).
[62] *Quality Car Wash*, 438 A.2d at 1245.
[63] *Id.*
[64] *Id.*
[65] *Id.* at 1245, 1248.
[66] *Cox v. Quality Car Wash*, 449 A.2d 231, 232 (Del. 1982).
[67] *Rose v. Cadillac Fairview Shopping Ctr. Prop. (Del.) Inc.*, 668 A.2d 782, 785 (Del. Super. 1995).
[68] *Id.*

and argued that plaintiff was limited to her exclusive remedy under Workers' Compensation. Though Sears did not own the parking lot, it presented evidence that the lot and thus plaintiff's injury occurred on Sears' premises.[69] The Superior Court agreed with Sears.[70] The facts included that Sears knew and condoned its employees' uses of the parking lot,[71] had installed its security cameras in the lot,[72] and security officers were available at times to escort employees to the lot.[73] The Court determined the record established sufficient control by Sears to bring the parking lot "within the ambit of its premises for worker's compensation purposes."[74]

Cox and Rose are distinguishable and not particularly helpful to Browning. Browning is correct that the "control by use" theory states that "parking lots not owned by the employer may be part of the employer's premises when. . . just used, by the employees . . . ."[75] But even accepting the argument that there should be no distinction between the fact that this incident occurred on a public street as opposed to a parking lot, critical to the Cox and Rose analyses is a finding of control. "If the employer does not own the lot or has not otherwise acquired the right to use it, he must at least exercise control over it before it may be considered part of his

---

[69] *Rose*, 668 A.2d at 785.
[70] *Id.* at 788.
[71] *Id.*
[72] *Id.*
[73] *Id.*
[74] *Id.*
[75] *Quality Car Wash*, 438 A.2d at 1246 (quoting 1 Larson § 15.41, p. 4-62) (internal quotations omitted).

11

premises."[76]  The mere fact that an employer has knowledge of an employee's use of the parking lot is not enough.[77]  And merely because Browning fell on State-owned property also does not make her injury compensable.[78]

The Court is sympathetic to Browning.  A dedicated State employee, it is truly unfortunate that she suffered an injury and found herself in both a literal and legal sinkhole.  However, the Court must conclude that the Board's determination was proper.  The Board conducted a proper analysis of the "going and coming" rule and the applicability of the "premises exception."  There was insufficient evidence to support a finding that Employer exercised the requisite control over Federal Street and where Browning fell.  As such, the Board was unable to conclude that the property in question could be considered Employer's premises.  Where Browning could not meet her burden of proof under the "premises exception," the Board properly found that the "going and coming" rule precludes her recovery.

## CONCLUSION

Under the totality of the circumstances, the Court finds substantial evidence exists to support the Board's decision that Browning was not acting within the course

---

[76] *Quality Car Wash*, 438 A.2d at 1246.
[77] *Id.*
[78] *See Garret v. State*, 2008 WL 4152743, at *3 (Del. Super. Aug. 29, 2008) (finding that where there was no business relationship between a parking lot where employee fell and employee's work premises, the fact that each area was owned by the state was not enough to make the injury compensable).

and scope of her employment when she was injured.  Since there is no legal error, the Board's decision is **AFFIRMED**.

       **IT IS SO ORDERED**.


                    /s/ Vivian L. Medinilla
                    Vivian L. Medinilla
                    Judge