IN THE SUPREME COURT OF THE STATE OF DELAWARE

KIM BROWNING,

  Plaintiff-Below,
  Appellant,

  v.

STATE OF DELAWARE,

  Defendant-Below,
  Appellee.

§
§ No. 173, 2021
§
§
§ Court Below: Superior Court
§ of the State of Delaware
§
§ Superior Court
§ C.A. No. K20A-03-001
§
§
§
§

Submitted: November 3, 2021
Decided:  January 10, 2022

Before **SEITZ**, Chief Justice; **VALIHURA**, and **MONTGOMERY-REEVES**, Justices.

## <u>ORDER</u>

This 10th day of January, 2022, having considered the briefs and the record below, it appears to the Court that:

(1) The Industrial Accident Board denied Kim Browning's workers' compensation claim for injuries sustained when she fell in a sinkhole on her way to work at the Kent County Courthouse. The Superior Court affirmed the Board's decision. After careful review of the record, we agree with the Superior Court that there was substantial evidence that Browning was not acting within the course and scope of her employment when she fell, and she was not on the premises of her employer at the time of her fall. Thus, we affirm the Superior Court's judgment.

(2) Browning worked as a Judicial Assistant I, previously known as bailiff, in the Delaware Superior Court in Kent County. She was officially employed by the State of Delaware. On January 24, 2018, Browning parked her car on Federal Street in Dover ten minutes before her shift began. She left her car, walked behind it, and stepped onto the grass between the sidewalk and the street. Browning fell as a sinkhole opened beneath her.

(3) On November 15, 2019, Browning filed a Petition to Determine Compensation Due at the Industrial Accident Board, seeking workers' compensation benefits for the injuries she sustained in the fall. The Board held an evidentiary hearing to determine whether Browning was acting in the course and scope of her employment when she fell and whether the injury occurred on the employer's premises.

(4) Although Federal Street is owned by the State, the Board found it was not part of the State's premises for several reasons. Browning was on her way to work when she parked on Federal Street and the City of Dover exercises authority over parking on Federal Street—not the State. Browning had not yet crossed the threshold of the courthouse when she fell. Therefore, the Board decided Browning was injured while traveling to work, but not on the State's premises, and she was not entitled to workers' compensation benefits.

(5) The Superior Court upheld the Board on May 3, 2021.[1] Browning has appealed to this Court, making essentially the same arguments rejected by the Board—her injury occurred within the course and scope of her employment and the location of the fall was on her employer's premises, entitling her to benefits under the premises exception.[2] The State responds that the "going and coming" rule bars Browning's recovery because Browning's injury happened during her commute to work.[3] The State also argues that the area outside the Kent County Courthouse where Browning fell was not part of the employer's premises.

(6) The Superior Court received no evidence other than that presented to the Board. As such, this Court directly examines the decision of the Board.[4] Our review of the Board's decision is "limited to a determination of whether there is substantial evidence to support the Board's findings."[5] "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] *Browning v. State*, 2021 WL 1749757 (Del. Super. Ct. May 3, 2021).

[2] For the premises exception to apply, three requirements must be met: "1) the employee [was] on the 'premises' where the employee's services are being performed; 2) the 'premises' [are] occupied by, or under the control of, the employer; and 3) the employee's presence on the employer's 'premises' [was] required by the nature of the employment." *Stevens v. State*, 802 A.2d 939, 945 (Del. Super. 2002) (citing 19 *Del. C.* § 2301(15)(a)).

[3] The "going and coming" rule holds that "injuries resulting from accidents during an employee's regular travel to and from work are non-compensable." *Spellman v. Christiana Care Health Servs.*, 74 A.3d 619, 623 (Del. 2013) (citing *Histed v. E.I. Du Pont de Nemours & Co.*, 621 A.2d 340, 343 (Del. 1993)).

[4] *Pub. Water Supply Co. v. DiPasquale*, 735 A.2d 378, 380 (Del. 1999) (citing *Stoltz Mgmt Co., Inc. v. Consumer Affairs Bd.*, 616 A.2d 1205, 1208 (Del. 1992)).

[5] *Betts v. Townsends, Inc.*, 765 A.2d 531, 533 (Del. 2000) (citing *Johnson Controls Inc. v. Fields*, 758 A.2d 506, 509 (Del. 2000)).

3

conclusion."[6] If the Board decided legal issues, this Court reviews them *de novo*.[7] In reviewing an agency interpretation of a statute it regularly applies, the Court "may accord due weight, but not defer," to the Board's interpretation of this statute which it regularly administers.[8] If there is no error of law and substantial evidence to support the Board's findings, "the Board's decision must be affirmed."[9]

(7)     To receive workers' compensation benefits, the claimant must prove the injury sustained was "by accident arising out of and in the course of employment."[10] These are factual determinations, judged by the totality of the circumstances.[11] Arising out of employment depends on the origin and cause of injury, considering "the nature, conditions, obligations or incidents of the employment."[12] "[I]n the course of employment" is a question regarding the time, place, and circumstances of the injury, and "covers those things that an employee may reasonably do or be expected do to [sic] within a time during which he is employed, and at a place where he may reasonably be during that time."[13] However,

---

[6] *Scheers v. Independent Newspapers*, 832 A.2d 1244, 1246-47 (Del. 2003) (citing *Olney v. Cooch*, 425 A.2d 610 (Del.1981)).

[7] *Oceanport Indus., Inc. v. Wilm. Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994) (citing *Fiduciary Trust Co. v. Fiduciary Trust Co.*, 445 A.2d 927 (Del. 1982)).

[8] *Pub. Water Supply Co.*, 735 A.2d at 382; *see also Stevens*, 802 A.2d at 944 (holding the court should accord due weight to the "going and coming" rule codified at Title 19, Section 2301(15)(a) of the Delaware Code, as the IAB regularly administers it).

[9] *Stevens*, 802 A.2d at 944 (citing *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988)).

[10] 19 *Del. C.* § 2304; *Spellman*, 74 A.3d at 623.

[11] *Histed*, 621 A.2d at 345.

[12] *Dravo Corp. v. Strosnider*, 45 A.2d 542, 544 (Del. Super. 1945).

[13] *Id.* at 543-44.

"the employee does not have to be injured during a job-related activity" if the injury occurred on the employer's premises.[14]

(8) Here, the Board found that the injury occurred while Browning was going to work but was not yet on the premises. Other jurisdictions have considered similar situations that fall within this "gray area where the risks of street travel merge with the risks attendant with employment," and found that they did not arise out of employment.[15] Substantial evidence exists to support the Board's decision. Browning was not instructed where to park, so she parked on Federal Street which is open to the public. And the location where she fell was outside the courthouse property line. Therefore, the Board correctly denied Browning's workers' compensation claim.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Chief Justice

---

[14] *Tickles v. PNC Bank*, 703 A.2d 633, 637 (Del. 1997).
[15] *Matter of Trotman v. New York State Courts*, 117 A.D.3d 1164, 1165 (N.Y.A.D. 3 Dept., May 1, 2014) (upholding the board's denial of relief where court employee slipped and fell on ice on the public sidewalk near the place of employment); *see also Littles v. New York State Dep't of Corr.*, 61 A.D.3d 1266 (N.Y.A.D. 3 Dept., Apr. 23, 2009) (upholding the board's denial of relief where the accident occurred in close proximity to the employer's premises but no evidence was provided to show that the street was closed to the public or otherwise controlled by the employer).